UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PAULA JOHNSON, on her own behalf and
others similarly situated,

    Plaintiff,

v.                                                    CASE NO.

OHM TEERTH, INC., a Florida Corporation,
and JITEN PATEL, individually,

    Defendants.
_____/

## **COMPLAINT**

1.    Plaintiff, PAULA JOHNSON (hereinafter referred to as "Plaintiff"), was an employee of Defendants, OHM TEERTH, INC., a Florida Corporation, and JITEN PATEL, individually (collectively referred to as "Defendants"), and brings this action on behalf of herself and other current and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2.    In one or more work weeks within the three (3) year statute of limitations period between approximately October 2010 and April 2011, Plaintiff's primary job duties at Defendants' 7-ELEVEN store in Sarasota County, Florida involved non-exempt, sales, cashiering, customer service, manual labor, and related duties while in the position known as "Assistant Manager."

3.    Defendants, OHM TEERTH, INC. and JITEN PATEL, have at all times material to this Complaint owned and/or operated a business with employees at one or more locations, including in Sarasota County, Florida, within the jurisdiction of this Court. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

6. At all times material to this Complaint, OHM TEERTH, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. At all times material to this Complaint, the annual gross sales volume of OHM TEERTH, INC. was in excess of $500,000.00 per annum at all times material hereto.

8. At all times material to this Complaint, OHM TEERTH, INC. was an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. At all times material to this Complaint, JITEN PATEL has owned, managed, and/or operated OHM TEERTH, INC. and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of OHM TEERTH, INC. By virtue of such control and authority, JITEN PATEL is an employer of Plaintiff and the other similarly situated employees as such term is defined by the FLSA. 29 U.S.C. §203(d).

10. The additional persons who may become Plaintiffs in this action are Defendants' current and former employees whose primary job duties have been non-exempt in nature and who have worked in excess of Forty (40) hours during one or more work weeks on or after May 2008 but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty

(40) in one or more work weeks.

11. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during her employment with Defendants within the three (3) year statute of limitations period between approximately October 2010 and April 2011.

12. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants between May 2008 and the present.

13. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her in one or more work weeks between May 2008 and the present.

14. Based upon information and belief, Defendants have failed to maintain record of the actual start times, stop times, hours worked each day, and total hours worked each week of Plaintiff and the other similarly situated employees within the three (3) year statute of limitations period between May 2008 and the present.

15. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

17. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked for Defendants in excess of Forty (40) hours per work week between October 2010 and

April 2011.

18. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid between May 2008 and the present.

19. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) per week in one or more work weeks between May 2008 and the present.

20. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

22. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

23. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, PAULA JOHNSON, and those similarly situated to her who have or will opt into this action, demands judgment, jointly and severally, against Defendants, OHM TEERTH, INC. and JITEN PATEL, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: May 17, 2011  
Boca Raton, Florida

Respectfully submitted,

/s/ Keith M. Stern

Keith M. Stern  
Florida Bar No. 321000  
E-mail: kstern@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

5

## NOTICE OF CONSENT TO JOIN

The undersigned, _Paula L Johnson_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_____
CLIENT SIGNATURE

PAULA L JOHNSON
PRINT NAME