UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAULA JOHNSON,

    Plaintiff,

v.                                CASE NO.: 8:11-cv-01126-RAL-AEP

OHM TEERTH, INC. and JITEN PATEL,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, OHM TEERTH, INC. and JITEN PATEL, by and through their undersigned counsel, hereby file their Answer to Complaint filed by Plaintiff, Paula Johnson, as follows:

## ANSWER

1.    Admit for jurisdictional purposes only.

2.    Denied.

3.    Admit.

4.    Admit for jurisdictional purposes only.

5.    Admit for jurisdictional purposes only.

6.    Admit.

7.    Admit.

8.    Admit.

9.    Admit.

10.   Admit for jurisdictional purposes only.

11.   Admit.

12. Admit.

13. Denied.

14. Denied.

15. Admit.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

16. Defendants re-allege and incorporate herein the previous responses provided in paragraphs 1-15.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. No response is necessary.

## AFFIRMATIVE DEFENSES

### First Defense

1. Plaintiff is not entitled to damages that are too remote and/or speculative.

### Second Defense

2. Defendants acted in good faith with respect to Plaintiff and had reasonable grounds to believe its conduct was not in violation of the FLSA and any claims of willful violations or for a three-year limitations period or for liquidated damages should be dismissed.

### Third Defense

3. Plaintiff's claims are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), Defendants have acted in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division of the Department of Labor regarding the acts or omissions alleged in the Complaint.

### Fourth Defense

4. Defendants assert that Plaintiff's FLSA minimum wage claims, if any, were non-compensable by express contract, custom or practice.

### Fifth Defense

5. Plaintiff and/or Defendants were exempt from the overtime or minimum wage provisions of the Fair Labor Standards Act.

### Sixth Defense

6. Defendants are entitled to an offset for any overpayments made to Plaintiff.

### Seventh Defense

7. Plaintiff has been paid all amounts to which she is legally entitled.

### Eighth Defense

8. Any amount owed to Plaintiff is *de minimus* and any action for same under the FLSA is barred.

### Ninth Defense

9. Defendants are entitled to an offset for any property of Defendants removed from the premises by Plaintiff without permission from Defendants. Said value of such items constitutes a setoff for any amounts owed to Plaintiff. Defendant also was paid for time she did

not work when she clocked in but then left the premises without permission which constitutes a setoff for any amounts owed to Plaintiff.

### Tenth Defense

10. The doctrines of estoppel and waiver may bar some or all of Plaintiff's claims. Plaintiff was paid for all reported hours worked in excess of 40 per week.

### Eleventh Defense

11. Plaintiff has failed to make a reasonable effort to mitigate her damages.

### Twelfth Defense

12. Plaintiff is not entitled to relief under the doctrine of unclean hands.

### Thirteenth Defense

13. Plaintiff's claims are barred to the extent that they were not filed within the applicable limitations period under the FLSA.

### Fourteenth Defense

14. Defendants reserve the right to bring any affirmative defenses that become known during the course of litigation or discovery.

WHEREFORE, Defendants, OHM Teerth, Inc. and Jiten Patel, demand judgment in their favor, dismissing with prejudice the Complaint in its entirety, all attorney's fees and costs incurred in defending this action, and any other relief this Court deems proper.

Respectfully submitted,

_____
CHRISTIE D. ARKOVICH, Esquire
1520 W. Cleveland St.
Tampa, Florida 33606
Florida Bar No. 963690
(813)258-2808

(813)258-5911 (Facsimile)
cdalaw@tampabay.rr.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the attached has been furnished by facsimile (561) 447-8831 and regular U.S. Mail to the following this __21__ day of June, 2011:

Keith M. Stern, Esq.
Shavitz Law Group, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida  33432

_____
Attorney